# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

COURTE OREILLES LAKES ASSOCIATION, INC.
and,
LAC COURTE OREILLES BAND OF THE LAKE
SUPERIOR CHIPPEWA,

    Plaintiffs,

v.

ROSALIND C. ZAWISTOWSKI, as TRUSTEE of the
ZAWISTOWSKI JOINT REVOCABLE TRUST,

    Defendant,

and

RURAL MUTUAL INSURANCE COMPANY,

    Proposed Intervenor Defendant.

Case No. 3:24-cv-128

## RURAL MUTUAL INSURANCE COMPANY'S CROSS-CLAIM AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

NOW COMES Intervenor Defendant, Rural Mutual Insurance Company ("Rural"), by its attorneys, Simpson & Deardorff, S.C., and as and for its Cross-Claim and Counterclaim against all parties in the above-captioned action, alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Rural is a domestic insurance company operating under the laws of the State of Wisconsin with a principal address of 1241 John Q. Hammons Drive, P.O. Box 5555, Madison, Wisconsin, 53705.

2. Rosalind C. Zawistowski is, upon information and belief, trustee of the Zawistowski Joint Revocable Trust ("Zawistowski").

3. Rural repeats, realleges, and incorporates by reference as though fully set forth herein the allegations as set forth by the plaintiffs in this lawsuit, but denies knowledge or information sufficient to form a belief as to the truth of such allegations and further denies any liability of, or insurance coverage from, Rural for any allegations and damages claimed in this lawsuit.

4. This is a claim for declaratory judgment to determine a controversy between the parties; Rural seeks declaratory relief concerning insurance coverage for the violation of the Clean Water Act, as alleged by the plaintiffs in this lawsuit.

5. As more fully described below, Rural's policy does not provide insurance coverage for the plaintiffs' claim.

6. A genuine, actual, and justiciable controversy exists between Rural and Zawistowski regarding insurance coverage for the plaintiffs' claim.

7. The United States District Court for the Western District of Wisconsin has supplemental jurisdiction over issues relating to insurance coverage under 28 U.S.C. § 1367.

8. The United States District Court for the Western District of Wisconsin may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## **INSURANCE CONTRACT**

9. Rural issued and provided Zawistowski a policy of insurance under Policy Number FRMG112708 ("the Policy"), which was in effect from 5/22/2023 to 5/22/2024.

10. The Policy provided to Zawistowski is subject to its terms, conditions, grants, limitations, including monetary limits and limits or liability provisions, endorsements, exclusions, and exceptions contained therein.

11. The Policy carried farm liability coverage and farm umbrella liability coverage,

both of which require "property damage" during the policy period caused by an "occurrence"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under both forms, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

12. The farm liability coverage part and farm umbrella liability coverage part exclude coverage for punitive or exemplary damages as alleged in this lawsuit.

13. The farm liability coverage part and farm umbrella liability coverage part contain pollution exclusions that applies to bar coverage for all allegations in this lawsuit.

14. The farm liability coverage part provides chemical drift liability coverage for physical injury to crops or animals if the physical injury was caused by an "occurrence," the injury was caused by discharge, dispersal, release or escape into the air, from the "insured location", of the chemicals, liquids or gases that the "insured" has used in normal and usual agricultural operations, and the chemicals, liquids or gases entered into the air by some means other than discharge, dispersal, release or escape from aircraft; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of chemical drift liability coverage, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

15. The Policy carried an agricultural pollution liability claims-made coverage part, with a retroactive date of 5/22/2019 and a diminishing $25,000 limit of insurance as outlined therein.

16. The only agricultural pollution liability claims-made coverage applicable to this litigation is that which was in effect from 5/22/2023 to 5/22/2024 because Zawistowski made a claim on said agricultural pollution liability claims-made coverage on March 7, 2024.

17. Said agricultural pollution liability claims-made coverage contains limits of liability provisions, which are incorporated herein, and which establish that Rural's liability, if

any, for the allegations lawsuit would be limited to the policy's $25,000 limit of insurance and include all damages due to "property damage" and all "defense expenses," including costs incurred by Rural in investigating, defending, or settling a specific "claim" or "suit" against Zawistowski.

18. In order to trigger an initial grant of agricultural pollution liability claims-made coverage, the form requires allegations of "property damage" caused by a "pollution incident" which occurred on or after the retroactive date of 5/22/2019 from an "insured site"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under this form, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

19. The agricultural pollution liability claims-made coverage excludes coverage for punitive or exemplary damages as alleged in this lawsuit.

20. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" resulted in physical injury to crops or animals caused by discharge, dispersal, release or escape into the air from the "insured location" of chemicals, liquids or gases that the insured used in normal and usual agricultural operations.

21. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of Zawistowski's failure to comply with any applicable statute, regulation, ordinance, law or order relating to environmental protection and set forth by any responsible regulatory local, state, or federal agency or governmental agency.

22. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of an act committed by or on behalf of Zawistowski that was intended or that would be expected from the standpoint of a reasonable person in the same position of Zawistowski to cause "property damage."

23. There is no agricultural pollution liability claims-made coverage to the extent the

"property damage" caused by a "pollution incident" started before the retroactive date of 5/22/2019.

WHEREFORE, Intervenor Defendant, Rural Mutual Insurance Company, demands judgment that the Rural insurance contract relevant at all times material does not afford insurance coverage for the allegations as contained therein, and therefore, Rural has no duty to defend or indemnify Zawistowski in this federal action.

Dated this 29th day of April, 2024.

Respectfully submitted,

*s/Christine M. Rice*
Christine M. Rice (SBN: 1055158)
Attorneys for Rural Mutual Insurance Company
SIMPSON & DEARDORFF, S.C.
320 E. Buffalo Street, Suite 300
Milwaukee, WI 53202
P: (414) 273-8550
F: (414) 273-8551
Email: rice@simpsondeardorff.com

s:\active files\cmr\courte\!pleadings\mot int and bif\cc.cx.proposed.docx