UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

COURTE OREILLES LAKES ASSOCIATION, INC.

   and,

LAC COURTE OREILLES BAND OF THE LAKE

   SUPERIOR CHIPPEWA,

            Plaintiffs,

      v.

ROSALIND C. ZAWISTOWSKI, as TRUSTEE of the

   ZAWISTOWSKI JOINT REVOCABLE TRUST.

            Defendant,

   and

RURAL MUTUAL INSURANCE COMPANY.

            Intervenor-Defendant.

Case No. 3:24-CV-128

## ANSWER TO INTERVENOR-DEFENDANT'S CROSS-CLAIM AND COUNTERCLAIM FOR DECLARATORY JUDGMENT

NOW COMES Plaintiffs Courte Oreilles Lakes Association Inc. ("COLA") and Lac Courte Oreilles Band of the Lake Superior Chippewa, by and through their attorneys, Pines Bach LLP and Law Office of Sivertson and Barrette, answer the Cross-Claim and Counterclaim for Declaratory Judgment of Intervenor-Defendant Rural Mutual Insurance Company as follows:

1

## PRELIMINARY ALLEGATIONS

1.      Rural is a domestic insurance company operating under the laws of the State of Wisconsin with a principal address of 1241 John Q. Hammons Drive, P.O. Box 5555, Madison, Wisconsin 53705.

**ANSWER:** In response to Paragraph 1, Plaintiffs admit, upon information and belief.

2.      Rosalind C. Zawistowski is, upon information and belief, trustee of the Zawistowski Joint Revocable Trust ("Zawistowski").

**ANSWER:** In response to Paragraph 2, Plaintiffs admit.

3.      Rural repeats, realleges, and incorporates by reference as though fully set forth herein the allegations as set forth by the plaintiffs in this lawsuit, but denies knowledge or information sufficient to form a belief as to the truth of such allegations and further denies any liability of, or insurance coverage from, Rural for any allegations and damages claimed in this lawsuit.

**ANSWER:** In response to Paragraph 3, Plaintiffs incorporate by reference herein all allegations contained in Plaintiffs' Complaint in the above-captioned matter.

4.      This is a claim for declaratory judgment to determine a controversy between the parties; Rural seeks declaratory relief concerning insurance coverage for the violation of the Clean Water Act, as alleged by the plaintiffs in this lawsuit.

**ANSWER:** The allegation in Paragraph 4 contains conclusions of law to which no response is necessary. To the extent any answer is required, Plaintiffs deny.

5.      As more fully described below, Rural's policy does not provide insurance coverage for the plaintiffs' claim.

**ANSWER:** In response to Paragraph 5, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

6.      A genuine, actual, and justiciable controversy exists between Rural and Zawistowski regarding insurance coverage for the plaintiffs' claim.

**ANSWER:** In response to Paragraph 6, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

7.      The United States District Court for the Western District of Wisconsin has supplemental jurisdiction over issues relating to insurance coverage under 28 U.S.C. § 1367.

**ANSWER:** The allegation in Paragraph 7 contains conclusions of law to which no response is necessary. To the extent any answer is required, Plaintiffs deny.

8.      The United States District Court for the Western District of Wisconsin may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** The allegation in Paragraph 8 contains conclusions of law to which no response is necessary. To the extent any answer is required, Plaintiffs deny.

## INSURANCE CONTRACT

9.      Rural issued and provided Zawistowski a policy of insurance under Policy Number FRMG112708 ("the Policy"), which was in effect from 5/22/2023 to 5/22/2024.

**ANSWER:** In response to Paragraph 9, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

10.     The Policy provided to Zawistowski is subject to its terms, conditions, grants, limitations, including monetary limits and limits or liability provisions, endorsements, exclusions, and exceptions contained therein.

**ANSWER:** In response to Paragraph 10, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

11.     The Policy carried farm liability coverage and farm umbrella liability coverage, both of which require "property damage" during the policy period caused by an "occurrence"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under both forms, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**ANSWER:** In response to Paragraph 11, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

12.     The farm liability coverage part and farm umbrella liability coverage part exclude coverage for punitive or exemplary damages as alleged in this lawsuit.

**ANSWER:** In response to Paragraph 12, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

13.     The farm liability coverage part and farm umbrella liability coverage part contain pollution exclusions that applies to bar coverage for all allegations in this lawsuit.

4

**ANSWER:** In response to Paragraph 13, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

14.     The farm liability coverage part provides chemical drift liability coverage for physical injury to crops or animals if the physical injury was caused by an "occurrence," the injury was caused by discharge, dispersal, release or escape into the air, from the "insured location", of the chemicals, liquids or gases that the "insured" has used in normal and usual agricultural operations, and the chemicals, liquids or gases entered into the air by some means other than discharge, dispersal, release or escape from aircraft; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of chemical drift liability coverage, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**ANSWER:** In response to Paragraph 14, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

15.     The Policy carried an agricultural pollution liability claims-made coverage part, with a retroactive date of 5/22/2019 and a diminishing $25,000 limit of insurance as outlined therein.

**ANSWER:** In response to Paragraph 15, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

16.     The only agricultural pollution liability claims-made coverage applicable to this litigation is that which was in effect from 5/22/2023 to 5/22/2024 because

Zawistowski made a claim on said agricultural pollution liability claims-made coverage on March 7, 2024.

**ANSWER:** In response to Paragraph 16, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

17.     Said agricultural pollution liability claims-made coverage contains limits of liability provisions, which are incorporated herein, and which establish that Rural's liability, if any, for the allegations lawsuit would be limited to the policy's $25,000 limit of insurance and include all damages due to "property damage" and all "defense expenses," including costs incurred by Rural in investigating, defending, or settling a specific "claim" or "suit" against Zawistowski.

**ANSWER:** In response to Paragraph 17, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

18.     In order to trigger an initial grant of agricultural pollution liability claims made coverage, the form requires allegations of "property damage" caused by a "pollution incident" which occurred on or after the retroactive date of 5/22/2019 from an "insured site"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under this form, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**ANSWER:** In response to Paragraph 18, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

6

19.     The agricultural pollution liability claims-made coverage excludes coverage for punitive or exemplary damages as alleged in this lawsuit.

**ANSWER:** In response to Paragraph 19, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

20.     There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" resulted in physical injury to crops or animals caused by discharge, dispersal, release or escape into the air from the "insured location" of chemicals, liquids or gases that the insured used in normal and usual agricultural operations.

**ANSWER:** In response to Paragraph 20, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

21.     There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of Zawistowski's failure to comply with any applicable statute, regulation, ordinance, law or order relating to environmental protection and set forth by any responsible regulatory local, state, or federal agency or governmental agency.

**ANSWER:** In response to Paragraph 21, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

22.     There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of an act committed by or on behalf of Zawistowski that was intended or that would be expected

from the standpoint of a reasonable person in the same position of Zawistowski to cause "property damage."

**ANSWER:** In response to Paragraph 22, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

23.    There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" started before the retroactive date of 5/22/2019.

**ANSWER:** In response to Paragraph 23, due to lack of information and knowledge sufficient to form a belief as to the truth of the allegation, Plaintiffs deny.

Dated this 17th day of May, 2024.

PINES BACH LLP

_Electronically signed by Christa O. Westerberg_

Christa O. Westerberg, SBN 1040530
Tamara B. Packard, SBN 1023111
Samantha R. Foran, SBN 1122735
122 West Washington Ave., Ste. 900
Madison, WI 53703
(608) 251-0101 (telephone)
(608) 251-2883 (facsimile)
cwesterberg@pinesbach.com
tpackard@piensbach.com
sforan@pinesbach.com

_Attorneys for Plaintiffs_

LAW OFFICE OF SIVERTSON AND BARRETTE, P.A.

_Electronically signed by Alf E. Sivertson_

Alf E. Sivertson (MN 122233)
1465 Arcade Street
Saint Paul, MN 55106-1740
(651) 778-0575 (telephone)
(651) 778-1149 (facsimile)
alf.sivertson@sivbar.com

*Attorney for Plaintiffs*