IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

COURTE OREILLES LAKES
ASSOCIATION, INC.

and

LAC COURTE OREILLES BAND OF THE
LAKE SUPERIOR CHIPPEWA

        Plaintiffs,

v.

ROSALIND C. ZAWISTOWSKI, as
TRUSTEE of the ZAWISTOWSKI JOINT
REVOCABLE TRUST

        Defendant,

and

RURAL MUTUAL INSURANCE
COMPANY

        Intervenor Defendant.

Case No. 3:24-CV-128

## DEFENDANT'S ANSWER TO CROSS-CLAIM

Defendant Rosalind C. Zawistowski, as Trustee of the Zawistowski Joint Revocable Trust, ("Zawistowski"), by her attorneys, DeWitt LLP, submits the following Answer to Rural Mutual Insurance Company's ("Rural") Cross-Claim.

## PRELIMINARY ALLEGATIONS

1. Rural is a domestic insurance company operating under the laws of the State of Wisconsin with a principal address of 1241 John Q. Hammons Drive, P.O. Box 5555, Madison, Wisconsin, 53705.

**RESPONSE**: Defendant admits the allegations of paragraph 1.

2. Rosalind C. Zawistowski is, upon information and belief, trustee of the Zawistowski Joint Revocable Trust ("Zawistowski").

**RESPONSE**: Defendant admits the allegations of paragraph 2.

3. Rural repeats, realleges, and incorporates by reference as though fully set forth herein the allegations as set forth by the plaintiffs in this lawsuit, but denies knowledge or information sufficient to form a belief as to the truth of such allegations and further denies any liability of, or insurance coverage from, Rural for any allegations and damages claimed in this lawsuit.

**RESPONSE**: Defendant realleges and incorporates her Answer and Affirmative Defenses to Plaintiffs' Complaint.

4. This is a claim for declaratory judgment to determine a controversy between the parties; Rural seeks declaratory relief concerning insurance coverage for the violation of the Clean Water Act, as alleged by the plaintiffs in this lawsuit.

**RESPONSE**: Defendant admits the allegations of paragraph 4

5. As more fully described below, Rural's policy does not provide insurance coverage for the plaintiffs' claim.

**RESPONSE**: Defendant denies the allegations of paragraph 5 and affirmatively alleges that Rural's Policy provides a duty to defend against Plaintiffs' claims.

6. A genuine, actual, and justiciable controversy exists between Rural and Zawistowski regarding insurance coverage for the plaintiffs' claim.

**RESPONSE**: Defendant admits the allegations of paragraph 6.

7. The United States District Court for the Western District of Wisconsin has supplemental jurisdiction over issues relating to insurance coverage under 28 U.S.C. § 1367.

**RESPONSE**: Defendant admits the allegations of paragraph 7.

8. The United States District Court for the Western District of Wisconsin may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**RESPONSE**: Defendant admits the allegations of paragraph 8.

## INSURANCE CONTRACT

9. Rural issued and provided Zawistowski a policy of insurance under Policy Number FRMG112708 ("the Policy"), which was in effect from 5/22/2023 to 5/22/2024.

**RESPONSE**: Defendant admits the allegations of paragraph 9.

10. The Policy provided to Zawistowski is subject to its terms, conditions, grants, limitations, including monetary limits and limits or liability provisions, endorsements, exclusions, and exceptions contained therein.

**RESPONSE**: Defendant admits the allegations of paragraph 10.

11. The Policy carried farm liability coverage and farm umbrella liability coverage, both of which require "property damage" during the policy period caused by an "occurrence"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under both forms, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**RESPONSE**: Defendant alleges that the Rural Policy speaks for itself and the allegations require no response. Defendant denies the last phrase of paragraph 11 and affirmatively alleges that Rural's Policy provides a defense for Defendant against Plaintiffs' claims.

12. The farm liability coverage part and farm umbrella liability coverage part exclude coverage for punitive or exemplary damages as alleged in this lawsuit.

**RESPONSE**: Defendant denies that she has engaged in any conduct that would justify

3

punitive or exemplary damages.

13. The farm liability coverage part and farm umbrella liability coverage part contain pollution exclusions that applies to bar coverage for all allegations in this lawsuit.

**RESPONSE**: Defendant denies that the Rural Policy bars "coverage for all allegations in this lawsuit" and affirmatively alleges that the Rural Policy obligates Rural to defend Defendant.

14. The farm liability coverage part provides chemical drift liability coverage for physical injury to crops or animals if the physical injury was caused by an "occurrence," the injury was caused by discharge, dispersal, release or escape into the air, from the "insured location", of the chemicals, liquids or gases that the "insured" has used in normal and usual agricultural operations, and the chemicals, liquids or gases entered into the air by some means other than discharge, dispersal, release or escape from aircraft; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of chemical drift liability coverage, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**RESPONSE**: Defendant alleges that the Rural Policy speaks for itself and denies the allegation that Rural Policy "does not afford insurance coverage for the allegations in this lawsuit" and affirmatively alleges that the Policy provides a duty to defend the allegations in this lawsuit, even though they are groundless.

15. The Policy carried an agricultural pollution liability claims-made coverage part, with a retroactive date of 5/22/2019 and a diminishing $25,000 limit of insurance as outlined therein.

**RESPONSE**: Defendant admits the allegations of paragraph 15.

16. The only agricultural pollution liability claims-made coverage applicable to this litigation is that which was in effect from 5/22/2023 to 5/22/2024 because Zawistowski made a claim on said agricultural pollution liability claims-made coverage on March 7, 2024.

4

**RESPONSE**: Defendant admits that the Policy was in effect from May 22, 2023 to May 22, 2024, and that a claim was made during that time.

17. Said agricultural pollution liability claims-made coverage contains limits of liability provisions, which are incorporated herein, and which establish that Rural's liability, if any, for the allegations lawsuit would be limited to the policy's $25,000 limit of insurance and include all damages due to "property damage" and all "defense expenses," including costs incurred by Rural in investigating, defending, or settling a specific "claim" or "suit" against Zawistowski.

**RESPONSE**: Defendant admits that the Policy lists a limit for Agricultural Pollution Liability Coverage of $25,000 and further alleges that the Policy speaks for itself.

18. In order to trigger an initial grant of agricultural pollution liability claims-made coverage, the form requires allegations of "property damage" caused by a "pollution incident" which occurred on or after the retroactive date of 5/22/2019 from an "insured site"; to the extent the lawsuit fails to set forth allegations sufficient for this initial grant of coverage under this form, the Rural policy does not afford insurance coverage for the allegations in this lawsuit.

**RESPONSE**: Defendant alleges that the Policy speaks for itself and that the allegations in the Complaint in this lawsuit give rise to a duty to defend under the Policy.

19. The agricultural pollution liability claims-made coverage excludes coverage for punitive or exemplary damages as alleged in this lawsuit.

**RESPONSE**: Defendant admits that the Policy has a exclusion for punitive damages but denies that she engaged in any conduct that would justify punitive or exemplary damages or penalties as claimed in the lawsuit and therefore denies paragraph 19.

20. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" resulted in physical injury to crops or animals caused by discharge, dispersal, release or escape into the air from the "insured location" of

chemicals, liquids or gases that the insured used in normal and usual agricultural operations.

**RESPONSE**: Defendant responds that the policy speaks for itself and affirmatively alleges that Rural has a duty to defend within applicable limits of the policy.

21. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of Zawistowski's failure to comply with any applicable statute, regulation, ordinance, law or order relating to environmental protection and set forth by any responsible regulatory local, state, or federal agency or governmental agency.

**RESPONSE**: Defendant responds that the Policy speaks for itself and that Defendant has not failed to so comply and Defendant affirmatively alleges that Rural has a duty to defend Defendant against the groundless claims by Plaintiffs.

22. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" arose out of an act committed by or on behalf of Zawistowski that was intended or that would be expected from the standpoint of a reasonable person in the same position of Zawistowski to cause "property damage."

**RESPONSE**: Defendant responds that the Policy speaks for itself and affirmatively alleges that she did not expect or intend property damage and that Rural has a duty to defend Defendant against the groundless claims by Plaintiffs within the terms of the Rural policy.

23. There is no agricultural pollution liability claims-made coverage to the extent the "property damage" caused by a "pollution incident" started before the retroactive date of 5/22/2019.

**RESPONSE**: Defendant responds that the Policy speaks for itself and affirmatively alleges that Rural has a duty to defend under the Policy.

**WHEREFORE**, Respondent demands that the Cross-Claim against Defendant be dismissed.

Dated this 20th day of May, 2024

**DeWitt LLP**

By: */s/ Ronald R. Ragatz*
Ronald R. Ragatz (#1017501)
J. Wesley Webendorfer (#1090106)
25 W. Main Street, Suite 800
Madison, WI 53703
E: rrr@dewittllp.com; jww@dewittllp.com

*Attorneys for Defendant Rosalind C. Zawistowski, as Trustee of the Zawistowski Joint Revocable Trust*