IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

COURTE OREILLES LAKES
ASSOCIATION INC.

and

LAC COURTE OREILLES BAND OF THE
LAKE SUPERIOR CHIPPEWA

                    Plaintiffs,

v.
                                                    Case No. 3:24-CV-128

ROSALIND C. ZAWISTOWSKI, as
TRUSTEE of the ZAWISTOWSKI JOINT
REVOCABLE TRUST

                    Defendant.

and

RURAL MUTUAL INSURANCE
COMPANY

                    Intervenor Defendant.

## DEFENDANT'S ANSWER TO AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

Defendant, Rosalind C. Zawistowski, as Trustee of the Zawistowski Joint Revocable Trust

("Defendant"), by her undersigned attorneys, as and for her Answer to Amended Complaint and

Affirmative Defenses, states as follows:

Defendant denies the unnumbered allegations in the "Introduction."

1.      Defendant admits the allegations of paragraph 1.

2.      Defendant admits the allegations of paragraph 2.

3.      Defendant admits the allegations of paragraph 3 except denies that there are any "violations". Regarding the last two sentences of paragraph 3, Defendant lacks sufficient information to form a belief as to the truth of those allegations and therefore denies them.

4.      Defendant admits the allegations of paragraph 4, except denies that there are violations to be addressed.

5.      Defendant admits the allegations of the first sentence of paragraph 5. The second sentence of paragraph 5 is a legal conclusion and does not require a response; however, to the extent a response is required, Defendant denies those allegations. Defendant lacks information to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      Defendant admits the allegations of the first sentence of paragraph 6. Defendant lacks sufficient information to form a belief as to the truth of the allegations in the second sentence of paragraph 6 and therefore denies them. Defendant denies the allegations of the last sentence of paragraph 6.

7.      Defendant denies the allegations of paragraph 7.

8.      Defendant denies the allegations of paragraph 8.

9.      Defendant admits the allegations of the first three sentences of paragraph 9. Defendant denies the allegations of the fourth sentence of paragraph 9 and affirmatively alleges that any water flowing back from the marshes to Musky Bay are return flows from irrigated agriculture.

10.     Defendant admits that the quoted language appears in 33 USC §1251(a). The statute speaks for itself and therefore no response is required to paragraph 10.

11.     Paragraph 11 contains characterizations of the law that require no response. To the extent the characterizations are intended to allege or imply that Defendant's cranberry marshes are point sources, Defendant denies the allegations.

12.     Defendant admits that Lac Courte Oreilles falls within the definition of "waters of the United States".

13.     Defendant admits that paragraph 13 is a quote from the language of 33 USC § 1362(6) and, as a quote of a statute requires no response.

14.     Defendant denies the allegations of paragraph 14. The quoted language from 33 USC § 1362(14) is an incomplete and misleading characterization of the statutory definition of point source.

15.     Defendant denies the allegations of paragraph 15. Return flows from irrigated agriculture do not fall within the definition of a point source under 33 USC § 1362(14) and the discharges from Defendant's marshes are return flows from irrigated agriculture.

16.     Defendant admits the allegations of paragraph 16.

17.     Wis. Stat. § 283.31(1) and Wis. Admin. Code. Chapter NR 217 speak for themselves, and Defendant denies the allegations of paragraph 17 to the extent they are incomplete or inconsistent with those provisions.

18.     Defendant admits the allegations of paragraph 18.

19.     Paragraph 19 consists of a partial quote and characterization of Wisconsin law and, as such, no response is required.

20.     Defendant denies the allegations of paragraph 20.

21.     Defendant admits that paragraph 21 includes a partial quote of 33 USC § 1365(d) and requires no response.

22.     Defendant denies that there are grounds for the imposition of civil penalties in this case.

23.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24.     Defendant admits that Lac Courte Oreilles is a "water of the United States", but lacks sufficient information to form a belief as to the truth of the allegations in the first two sentences of paragraph 24 and therefore denies them.

25.     Defendant admits the allegations of paragraph 25.

26.     Defendant lacks sufficient information to form a belief as to the truth of paragraph 26 and therefore denies them.

27.     Defendant lacks sufficient information to form a belief as to the truth of paragraph 26 and therefore denies them.

28.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 31 and therefore denies them.

32.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 32 and therefore denies them.

33.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 33 and therefore denies them.

34.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 34 and therefore denies them.

35.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 35 and therefore denies them.

36.     Defendant lacks sufficient information to form a belief as to the truth of the allegations of paragraph 36 and therefore denies them.

37.     Defendant denies that "phosphorous" is expressly included in the definition of "pollutant" in the Clean Water Act.

38.     Defendant admits the allegations of paragraph 38, except denies that Defendant's cranberry marshes rely "heavily" on fertilizers.

39.     Defendant admits the allegations of the first two sentences of paragraph 39 but denies the remaining allegations of paragraph 39 to the extent they imply that such flood events are not part of irrigated agriculture or the return waters are point source discharges.

40.     Defendant admits that cranberry operators typically use channels, ditches, canals or pipes for flood events, but denies that these conveyances are point sources. Defendant affirmatively states that any water flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture.

41.     Defendant denies the allegations of paragraph 41 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source. The word "discharge" in the Clean

Water Act implies a release of effluent from a "point source," as opposed to return flows from irrigated agriculture.

42.     Defendant denies the allegations of paragraph 42 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

43.     Defendant denies the allegations of paragraph 43 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

44.     Defendant denies the allegations of paragraph 44 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

45.     Defendant denies the allegations of paragraph 45 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

46.     Defendant denies the allegations of paragraph 46 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

47.     Defendant denies that what is generally described in paragraph 47 involves a discharge from a point source rather than return flows from irrigated agriculture.

48.     Defendant denies the allegations of paragraph 48 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

49.     Defendant denies the allegations of paragraph 49.

50.     Defendant denies the allegations of paragraph 50 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

51.     Defendant denies the allegations of paragraph 51 and affirmatively alleges that any waters flowing back to Musky Bay from Defendant's marshes constitute return flows from irrigated agriculture and not a discharge from a point source.

52.     Defendant admits that Defendant owns the two marshes and the general description of them in paragraph 52.

53.     Defendant admits that the east Zawistowski trust marsh was originally constructed in 1939, except denies that the channel and ditch are point sources and therefore denies remainder of paragraph 53.

54.     Defendant admits the allegations of paragraph 54, subject to the denials in paragraph 53.

55.     Defendant denies the allegations of paragraph 55 and affirmatively alleges that waters flowing back to Musky Bay from the East marsh are return flows from irrigated agriculture and not discharges from a point source.

56.     Defendant denies that the east marsh contains a fully "closed system," but affirmatively alleges that a tailwater water recovery system was constructed at the east marsh, which is a best management practice.

57.     Defendant denies the allegations of paragraph 57.

58.     Defendant denies the allegations of paragraph 58.

59.     Defendant denies the allegations of paragraph 59.

7

60.     Defendant admits the allegations of paragraph 60, subject to the denials set forth in paragraphs 58 and 59.

61.     Defendant denies the allegations of paragraph 61.

62.     Defendant admits that it does not have a WPDES permit, but denies the remaining allegations of paragraph 62 and affirmatively alleges that no law requires a WPDES permit because any waters flowing back to Musky Bay are return flows from irrigated agriculture

63.     Defendant denies the allegations of paragraph 63. Defendant affirmatively alleges that in 2004, the state of Wisconsin, along with certain property owners who had the support and backing of COLA, brought a nuisance action against William Zawistowski. The case was tried for nine days in September 2005 and the trial court issued a decision in April 2006, holding that the Plaintiffs had failed to prove a nuisance and dismissing their claims. The trial court held that Mr. Zawistowski's actions did not cause an unreasonable interference with the use of Musky Bay. The trial court's judgment was affirmed by a unanimous Court of Appeals and the Wisconsin Supreme Court denied plaintiffs' Petition for Review. The trial court subsequently awarded Mr. Zawistowski and his insurer, Rural Mutual Insurance Company, $550,000 in attorneys' fees and legal costs. Defendant further affirmatively alleges that in 2002, the same property owners had brought an action in federal court alleging claims for nuisance against William Zawistowski. United States District Judge Barbara Crabb characterized the claims for loss of use of Musky Bay to be "dubious" in light of evidence submitted by those plaintiffs that "Musky Bay was eutrophic before 1940." *LeVake v. Zawistowski*, No. 02–C–0657–C, 2003 WL 23200367, at *5 (W.D. Wis., Oct. 10, 2003).. Judge Crabb was "highly skeptical" of the Plaintiffs' claim that they should recover the costs of restoring the Bay to some "pre-eutrophic condition that existed, if ever, before plaintiffs purchased their properties " and characterized the cost of the proposed dredging restoration project Plaintiffs

sought as "wildly out of proportion." *LeVake*, 2003 WL 23200367, at 6-7. The court gave the plaintiffs another opportunity to support their position but they failed and the court dismissed their claims. 2003 WL 23095760. In the 2004 lawsuit, the evidence showed the Musky Bay had originally been known as "Mud Bay" and had been mud/muck bottomed long before there were any cranberry marshes on the Bay.

64.     Defendant denies the allegations of paragraph 64 as consisting of selectively chosen partial quotes from the trial court's decision, which are not a fair representation of the court's decision and divert from the fact that the Plaintiffs failed to prove a nuisance and lost the case and that loss was unanimously affirmed by the Court of Appeals. The trial court unambiguously found that the Plaintiffs failed to prove a nuisance.

65.     Defendant admits the allegations of paragraph 65.

66.      Defendant denies the allegations of paragraph 66.

67.     Defendant realleges the above responses.

68.     Defendant denies the allegations of paragraph 68.

69.     Defendant denies the allegations of paragraph 69.

70.     Defendant denies the allegations of paragraph 70.

**FIRST AFFIRMATIVE DEFENSE**

71.     The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

72.     Plaintiffs have repeatedly and consistently been told by the Wisconsin Department of Natural Resources ("DNR") that cranberry marshes on Lac Courte Oreilles are not point sources and that it does not regulate cranberry marshes through the Wisconsin Pollution Discharge Elimination System ("WPDES").

73.     U.S. EPA has also told the Plaintiff Tribe in a January 31, 2013 letter that cranberry marshes are not point sources within the meaning of the Clean Water Act.

74.     In 2016, these same Plaintiffs brought legal action against DNR and the Natural Resources Board claiming, among other things, that cranberry marshes are point source discharges and asking for the court to so declare in a declaratory judgment.

75.     DNR and the Natural Resources Board denied those allegations and denied that Plaintiffs were entitled to any such declaration.

76.     Since 2016, DNR has repeatedly reiterated that cranberry marshes are not point sources.

77.     Rather than pursue the judicial determination they originally requested against DNR, Plaintiffs instead chose to relinquish that claim, dismissing it without prejudice.

78.     Plaintiffs have known for years that both DNR and EPA have determined that cranberry marshes are not point sources.

79.     Plaintiffs have known for years that DNR, which has been delegated the authority to administer the Clean Water Act in Wisconsin, has stated that it does not regulate cranberry marshes through the WPDES program.

80.     Plaintiffs have known for years that Defendant has no ability to obtain a discharge permit for Defendant's marshes, given the DNR's determination that cranberry marshes are not point sources.

81.     Nonetheless, Plaintiffs have sued Defendant as the owner of a family farming operation, seeking civil penalties for failing to do something that they know Defendant had no ability to do and seeking an injunction to require Defendant to do something that they know she has no ability to do.

82.     Plaintiffs' claims against Defendant are groundless and not made in good faith.

### THIRD AFFIRMATIVE DEFENSE

83.     All or some portion of Plaintiffs' claims for the imposition of civil penalties are barred by the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

84.     Plaintiffs seek equitable relief in the form of an injunction, but the claim against Defendant is unfair, unreasonable and inequitable.

### FIFTH AFFIRMATIVE DEFENSE

85.     Plaintiffs claims for equitable relief are barred by laches.

**WHEREFORE**, Defendant asks that the Complaint be dismissed with prejudice and that she be awarded costs of litigation, including reasonable attorneys' fees pursuant to 33 U.S.C. § 1365(d) and whatever other relief the Court deems just and equitable.

Dated this 12th day of July 2024.

**DeWitt LLP**

By: */s/ Ronald R. Ragatz*
Ronald R. Ragatz (#1017501)
J. Wesley Webendorfer (#1090106)
25 W. Main Street, Suite 800
Madison, WI 53703
P: (608) 255-8891
E: rrr@dewittllp.com; jww@dewittllp.com

*Attorneys for Defendant Rosalind C. Zawistowski, as Trustee of the Zawistowski Joint Revocable Trust*